### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**PAUL PURSLEY, JR.**             **CIVIL ACTION**

**VERSUS**                        **No. 21-1776**

**SUSAN LAWRENCE ET AL.**           **SECTION I**

### ORDER & REASONS

Before the Court is plaintiff Paul Pursley, Jr.'s ("Pursley") motion[1] to remand the above-captioned matter to the Civil District Court for the Parish of Orleans. Defendant GEICO Casualty Insurance ("GEICO") opposes[2] the motion. For the following reasons, the motion is denied.

### I. BACKGROUND

This action arises from a January 16, 2020 automobile accident involving Pursley and Susan Lawrence ("Lawrence").[3] Pursley filed the action in the Civil District Court for the Parish of Orleans on September 17, 2020, seeking to recover damages for personal injuries allegedly resulting from the accident.[4] Pursley is domiciled in Louisiana.[5] The original defendants were Lawrence, who is domiciled in Louisiana; National General Insurance Company, which was incorrectly named as Lawrence's primary insurance company in the petition for damages and subsequently replaced by Imperial Fire and Casualty Insurance Company ("Imperial"), the correct

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 15.
[3] R. Doc. No. 1, at 1; R. Doc. No. 6-1, at 4.
[4] R. Doc. No. 1, at 1.
[5] *Id.* at 3.

defendant[6]; and plaintiff's uninsured/underinsured insurance carrier, GEICO Casualty Company, which is a Nebraska corporation with its primary place of business in Maryland.[7] On August 24, 2021, plaintiff filed a motion to dismiss defendants Lawrence and Imperial (incorrectly named as National General Insurance Company) with prejudice in the Orleans Parish Civil District Court.[8]

On August 26, 2021, Hurricane Ida made landfall in Louisiana. In response, the United States District Court for the Eastern District of Louisiana issued General Order 21-12 on September 4, 2021. The General Order states, in relevant part:

> Considering the catastrophic damage that Hurricane Ida caused in the state, the Court finds that the federal courthouse and the office of the Clerk of Court, were/are not meaningfully accessible within the meaning of Federal Rule of Civil Procedure 6(a) . . . for the period of time beginning on August 26, 2021 and continuing for thirty (30) days thereafter.
> . . . .
> 1. All deadlines and delays, including prescriptive and peremptive periods, in cases pending or to be filed in this Court are hereby suspended for thirty (30) days commencing from August 26, 2021.

---

[6] *Id.* at 2; R. Doc. No. 1-2, at 6. The record does not reveal Imperial's location of incorporation or principal place of business. However, this information is ultimately irrelevant to diversity jurisdiction analysis in the present action, because Imperial was dismissed with prejudice on or before the date of Lawrence's dismissal. *See* note 8 *infra* and accompanying text. Because plaintiff Pursley and defendant Lawrence are both domiciled in Louisiana, complete diversity could not have arisen prior to Lawrence's dismissal.

[7] R. Doc. No. 1, at 3; R. Doc. No. 6-1, at 5.

[8] R. Doc. No. 15, at 1. GEICO states that Imperial was redundantly dismissed in the September 21, 2021 order, because it had already been dismissed with prejudice on May 13, 2020. R. Doc. No. 1, at 2. This date—May 13, 2020—is necessarily incorrect, because the present action was not commenced until September 17, 2020. Nevertheless, whether Imperial was dismissed on the same date or before Lawrence is irrelevant, for the reasons stated *supra*, note 6.

As a result of the hurricane, Orleans Parish Civil District Court was closed from August 27, 2021 through September 19, 2021.[9] On September 21, 2021, the Orleans Parish Civil District Court granted Pursley's motion to dismiss defendants Lawrence and Imperial with prejudice.[10] It is undisputed that this dismissal created complete diversity between the remaining parties, Pursley and GEICO, and it is also undisputed that the amount in controversy in this case exceeds $75,000.[11] Thus, there is no dispute as to whether this Court has subject matter jurisdiction over the action, by virtue of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The only dispute is whether GEICO timely filed the notice of removal pursuant to 28 U.S.C. § 1446(c)(1), which states that diversity actions may not be removed to federal court more than one year after they are commenced, unless the plaintiff has acted in bad faith in order to prevent the defendant from removing the action. GEICO argues that although it filed the notice of removal more than one year after this action was commenced, General Order 21-12 suspended the one-year limitation period set forth in § 1446(c)(1), such that GEICO's removal was timely.[12] Pursley counters that General Order 21-12 did not suspend the one-year limitation period set forth in § 1446(c)(1), and thus that the removal was not timely.[13] Accordingly, Pursley requests the Court to remand this action to state court.

---

[9] R. Doc. No. 15, at 2.
[10] *Id.*
[11] R. Doc. No. 1, at 2; R. Doc. No. 6-1, at 7.
[12] R. Doc. No. 15, at 2–3.
[13] R. Doc. No. 6-1, at 7–8; *see also* R. Doc. No. 20, at 2.

## II. STANDARD OF LAW

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed." *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (Barbier, J.).

To remove an action from state to federal court, a notice of removal must be filed within 30 days of the receipt by the defendant of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). However, if the case is not originally removable, but it later becomes removable because the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," then the defendant must remove the case by

filing a notice of removal within 30 days of notice that the case has become removable. 28 U.S.C. § 1446(b)(3).

Still, there is an additional time limit on removal, where the action is based on diversity of citizenship. If a case is based on diversity, then the case "may not be removed . . . more than 1 year after commencement of the action," pursuant to § 1446(b)(3), "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1); *see also Jones v. Ramos Trinidad,* 380 F. Supp. 3d 516, 520 (E.D. La. 2019) (Brown, C.J.). Under Louisiana and federal law, an action "commences" when the case is filed. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998).

### III. ANALYSIS

The parties do not dispute that the petition in the instant action was filed in state court on September 17, 2020, and that diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332.[14] However, the parties disagree as to whether the case is time-barred from being removed to federal court, pursuant to the one-year limitation set forth in 28 U.S.C. § 1446(c)(1), because the notice of removal was filed in this Court on September 27, 2021.

GEICO acknowledges that it filed the notice of removal more than one year after the action was commenced, but contends that removal is nevertheless timely because General Order 21-12 suspended the one-year limitation contained in

---

[14] R. Doc. No. 1, at 1, 2–3; R. Doc. No. 6-1, at 7.

§ 1446(c)(1).[15] Specifically, GEICO argues that this suspension either tolled the one-year limitation period or, in the alternative, held the one-year period in abeyance.[16] GEICO contends that its notice of removal was timely under either interpretation of the suspension effected by the General Order. First, if the General Order tolled the limitations period for thirty days beginning on August 26, 2021, the limitations period would have resumed accruing on September 25, 2021. This would have extended the limitation to one year plus 30 days, for a deadline of October 17, 2021.[17] Second, GEICO contends that if the General Order had the effect of holding the one-year limitation period in abeyance, then the filing would be due on the first day after the General Order's suspension period concluded. Under this theory, the General Order's thirty-day suspension period ran through September 25, 2021; because September 25, 2021 was a Saturday, the filing of the notice of removal on the following Monday, September 27, 2021, was timely under Federal Rule of Civil Procedure 6(a)(1)(C), which provides that, if the last day of a filing period falls on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[18]

Pursley counters that General Order 21-12 does not modify the one-year limitation contained in § 1446(c)(1), "but instead only act[s] to extend the time for filing a removal if in this case the non-diverse defendant [had been] released from the

---

[15] R. Doc. No. 15, at 2–3.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 3.

case prior to September 17, 2021 [one year after the action was commenced]."[19] Because the non-diverse defendant, Lawrence, was dismissed after September 17, 2021, Pursley argues that the removal was time-barred.

The Court concludes that General Order 21-12 suspends the one-year limitation period set forth in § 1446(c)(1). Pursley's contention that the General Order applied only to the thirty-day filing deadline, and not additionally to the one-year limitation, is unavailing: after all, the General Order explicitly extends to "prescriptive and peremptive periods." The one-year limitation set forth in § 1446 is a "prescriptive period." *Stuart v. Cooper Tire & Rubber Co.*, No. 89-4817, 1990 WL 11361, at *2 (E.D. La. Feb. 6, 1990) (Collins, J.).

This conclusion is consistent with the manner in which courts have interpreted near-identical language in a general order issued by former Chief Judge Berrigan in the wake of Hurricane Katrina. *Mark v. Michael*, No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008) (Shushan, M.J.) (Report & Recommendation adopted by Engelhardt, J.). The Order, dated September 1, 2005, stated that "all deadlines and delays, including *liberative prescription and peremptive periods* in cases *pending or to be filed* in the Court, are hereby suspended until ordered otherwise." *Id.* (emphasis added). In construing that order, many sections of this Court concluded that it suspended various statutory time limitations. *See, e.g.*, *id.* (concluding that Chief Judge Berrigan's Order suspended the relevant one-year AEDPA limitations period);

---

[19] R. Doc. No. 6-1, at 7–8; *see also* R. Doc. No. 20, at 2.

*Higgins v. Cain*, No. 07-9729, 2012 WL 3309716, at *3 (E.D. La. Aug. 13, 2012) (Africk, J.) (concluding the same and collecting cases).

Having determined that General Order 21-12 suspended the one-year limitation period, the Court must next determine whether this suspension tolled the limitation period, or merely held it in abeyance. The Court concludes that the General Order tolled the limitations period for thirty days, beginning on August 26, 2021, with the ultimate result that the limitation period in the present action was extended to one year plus thirty days in total, with the final day of the period on October 17, 2021. This conclusion is consistent with prior decisions interpreting former Chief Judge Berrigan's 2005 Order, in which courts have concluded that "[u]nder federal law . . . a suspension of prescription constitutes a temporary halt to its running after which it will continue to run." *Brown v. City of New Orleans*, No. 06-9125, 2007 WL 2480984, at *4 (E.D. La. Aug. 30, 2007) (Roby, M.J.) (Report & Recommendation adopted by Engelhardt, J.); *see also, e.g.*, *Higgins*, 2012 WL 3309716, at *3 (collecting cases and concluding that Chief Judge Berrigan's 2005 Order tolled a one-year AEDPA limitations period for 86 days).

In sum, the plain language of General Order 21-12 and caselaw interpreting near-identical language set forth in former Chief Judge Berrigan's 2005 Order demonstrate that the General Order tolled statutory time limitations.

While the language of the General Order and prior caselaw alone provide a sufficient basis for concluding that the one-year limitation must be extended in this case, there is an additional basis for this conclusion. Even if the General Order had

*not* specifically referred to "prescriptive and peremptive periods," Chief Judge Brown's finding that the Court was meaningfully inaccessible within the meaning of Federal Rule of Civil Procedure 6(a) would, in itself, serve as a basis for extending the one-year limitation in this case. Rule 6(a) "appl[ies] in computing any time period specified in . . . any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Accordingly, "[the Fifth Circuit] has consistently used [Rule] 6(a)'s method for computing federal statutory time limitations" when construing statutes that do not provide a specific calculation method. *Flanagan v. Johnson,* 154 F.3d 196, 200–02 (5th Cir. 1998) (quoting *Lawson v. Conyers Chrysler, Plymouth & Dodge Trucks, Inc.,* 600 F.2d 465, 466 (5th Cir. 1979)); *see also, e.g.*, *id.* (collecting cases); *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) ("[The Fifth Circuit], like every other circuit, [has] held that [Rule 6(a)] controls the calculation of the AEDPA limitations period."); *Quave v. Progress Marine*, 721 F. Supp. 784, 786 (E.D. La. 1989) (Schwartz, J.) ("[Because there] is no provision in the Longshore and Harbor Workers' Compensation Act . . . which provides a method by which the ten (10) day time limitation in 33 U.S.C. § 914(f) should be calculated . . . . the provisions of Rule 6(a) become the applicable [calculation] method."); 4B Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1163 (4th ed. 2021).

Because the removal statute does not set forth a specific method of calculation for the one-year limitation contained in § 1446(c)(1), the Court may use the method set forth in Federal Rule of Civil Procedure 6(a). *See, e.g.*, *Davis v. Clayman*, 2018 WL 1959805, at *2–3 (M.D. Fla. Apr. 26, 2018) (applying Rule 6(a)'s calculation method

to the one-year limitation set forth in § 1446(c)); *Beabout v. Wolfe*, 2005 U.S. Dist. LEXIS 60750, at *7–9 (N.D. W. Va. Feb. 16, 2005) (same). Rule 6(a)(3) provides that, in the event that the clerk's office is inaccessible, "the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Because the General Order contains a finding that the courthouse and the clerk's office were "not meaningfully accessible within the meaning of Federal Rule of Civil Procedure 6(a) . . . for the period of time beginning on August 26, 2021 and continuing for thirty (30) days thereafter," the one-year limitation should be calculated to extend to September 27, 2021,[20] which is the date on which GEICO filed its notice of removal.

In sum, the plain language of the General Order tolled the one-year limitation period of § 1446(c)(1) for thirty days, effectively extending it through October 17, 2021 in this action. In the alternative, the General Order's finding that the Court was inaccessible for the purposes of Rule 6(a) for a period of thirty days beginning on August 26, 2021 effectively extended the limitation period through September 27, 2021. GEICO filed its notice of removal on September 27, 2021, and thus removal was timely under either approach. Accordingly, GEICO has met its burden of showing that removal was proper, *Manguno*, 276 F.3d at 723, and because it is undisputed that the requirements for diversity jurisdiction are met, the Court will deny Pursley's motion to remand this action to state court.

---

[20] The thirty-day period of inaccessibility set forth in General Order 21-12 ran from August 26, 2021 through September 25, 2021; because September 25, 2021 was a Saturday, the filing of the notice of removal on Monday, September 27, 2021, was timely under Federal Rule of Civil Procedure 6(a)(3)(A).

Finally, Pursley argues that GEICO's notice of removal is "frivolous on its face" and that GEICO "knowing[ly] misappl[ied]" General Order 21-12, and requests that the Court order GEICO pay the costs and expenses incurred by plaintiff in preparing and filings its motion to remand the action.[21] For the reasons set forth above, the Court does not find GEICO's removal of this action, nor its arguments in favor of removal, to be frivolous or otherwise sanctionable. The Court therefore declines to award the requested costs and expenses.

## IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion for remand is **DENIED**.

**IT IS FURTHER ORDERED** that Pursley's motion for costs and expenses is **DENIED**.

New Orleans, Louisiana, November 10, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. No. 6-1, at 8–9.