UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL PURSLEY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-1776** |
| **SUSAN LAWRENCE, ET AL** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 26) is **DENIED**.

## BACKGROUND

This case arises out of a motor vehicle collision that occurred in Orleans Parish on January 16, 2020. Plaintiff, Paul Pursley, Jr., alleges significant injuries. He filed suit in Civil District Court for the Parish of Orleans on September 17, 2020. On August 24, 2021, following a partial settlement, plaintiff filed a motion to dismiss the non-diverse defendants, Lawrence and Imperial Fire and Casualty Insurance Company.

On August 26, 2021, Hurricane Ida made landfall in Louisiana. As a result of the hurricane, Orleans Parish Civil District Court was closed from August 27, 2021 through September 19, 2021. On September 21, 2021, the Orleans Parish Civil District Court granted Pursley's motion to dismiss. Defendant GEICO removed the matter to this court on September 27, 2021 based upon diversity jurisdiction.

In the interim, this court had entered a General Order 21-12 on September 4, 2021, suspending all deadlines and delays for 30 days commencing from August 26, 2021. GEICO

contended in its removal petition that the suspension of deadlines in General Order 21-12 made its Notice of Removal timely. Specifically, it asserted that the one-year limitation which would have expired on September 17, 2021 was extended by thirty days to October 17, 2021. Alternatively, it contended that if the suspension only took effect upon the expiration of one year from the original filing, it suspended all deadlines through and including Saturday, September 25, 2021. The Saturday deadline was extended to Monday, September 27, 2021 by virtue of the provisions of Federal Rule of Civil Procedure 6(a)(1)(C).

Following removal, this matter was randomly allotted to Judge Lance Africk. The docket sheet reflects that on October 18, 2021, while this matter was pending before Judge Africk, plaintiff filed a motion to remand in which he urged the same legal arguments that he presents in the motion to remand currently before this court, i.e., that GEICO misapplied General Order 21-12 to this case. In an eleven-page Order and Reasons entered on November 10, 2022, Judge Africk rejected plaintiff's contentions and denied the motion to remand. Rec. Doc. 21. Subsequently, Judge Africk learned during a December 6, 2021 telephone status conference that his son was listed as an additional counsel of record on one or more pleadings filed in the state court, prior to removal. He disqualified himself the same day, and the matter was re-allotted to Judge Jay Zainey.

Shortly after this matter was re-allotted to Judge Zainey, plaintiff filed a second motion to remand making the same arguments as were made before Judge Africk. Judge Zainey disqualified himself on January 19, 2022, and the matter was re-allotted to the undersigned, with the instant motion under submission. In the motion, plaintiff moves to remand the lawsuit

pursuant to 28 U.S.C. § 1447(c) arguing – as he did before Judge Africk – that GEICO had no right to remove the case on September 27, 2021, because this date was more than one year after commencement of the action, and the basis for subject matter jurisdiction is diversity of citizenship. See 28 U.S.C. § 1446(c)(1). It is undisputed that the non-diverse defendants were dismissed from the case more than one-year after the case had been filed in state court. It is undisputed that subject matter jurisdiction is proper.

**DISCUSSION**

In the Fifth Circuit, the law of the case doctrine is applicable in a situation " 'in which one judge has rendered an order or judgment and the case is then transferred to another judge.' " In re Ford Motor Co., 591 F.3d 406, 411 (5th Cir. 2009) (quoting United States v. O'Keefe, 128 F.3d 885, 892 (5th Cir.1997)). "Under the law of the case doctrine and general principles of comity, a successor judge has the same discretion to reconsider an order as would the first judge, but should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." Id. at 411 (citations and internal quotations omitted). "The law of the case doctrine requires that courts not revisit the determinations of an earlier court unless '(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work ... manifest injustice.' " Id. at 411-412 (quoting Propes v. Quarterman, 573 F.3d 225, 228 (5th Cir. 2009).

In the instant case, plaintiff does not mention or allude to Judge Africk's ruling, address the foregoing standard for re-visiting a prior interlocutory order, or explain why plaintiff should

3

be given a second opportunity to litigate his arguments via a facially untimely motion to remand.[1] The only potentially applicable basis for revisiting the prior decision in this case is the third basis mentioned above, which requires a finding that the prior ruling was clearly erroneous and or would result in manifest injustice. However, the prior decision was not clearly erroneous; in fact, the undersigned agrees with its rationale. Nor does it result in a manifest injustice. Although plaintiff does not agree with Judge Africk's ruling, he does not suggest that Judge Africk did anything improper when he ruled on the motion to remand. At the time of his ruling, Judge Africk was unaware of the potential conflict, and thus it cannot have improperly influenced his ruling. See Patterson v. Mobil Oil Corp., 335 F.3d 476, 485 (5th Cir. 2003) ("In our circuit, the 'harmless error' rule has long been applied in this context.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 26) is **DENIED**.

New Orleans, Louisiana, this  25th  day of January, 2022.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[1] This matter was removed on September 27, 2021, and the motion to remand was filed 78 days later on December 14, 2021. Title 28 U.S.C. § 1447(c) provides a 30-day limit following removal for the filing of a motion to remand on the basis of any defect other than lack of subject matter jurisdiction.