UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL PURSLEY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-1776** |
| **SUSAN LAWRENCE, ET AL** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment** (Rec. Doc. 39) filed by defendant, GEICO Casualty Company, is **GRANTED**, and plaintiff's claims against it for insurer penalties are **DISMISSED**.

### BACKGROUND

Plaintiff suffered significant injuries, including a herniated disc, when an automobile driven by defendant, Susan Lawrence, collided with his vehicle's passenger side. It is undisputed that Lawrence was 100% at fault and plaintiff had zero fault. Plaintiff was insured by defendant GEICO Casualty Company (GEICO) with policy limits of $250,000; Lawrence was insured by National General Insurance Company with policy limits of $50,000.

On June 26, 2020, plaintiff filed his claim for uninsured motorist ("UM") coverage from GEICO seeking policy limits, and enclosing copies of his medical records and bills. It did not include any declarations regarding the tortfeasor's coverage amount. GEICO did not tender payment. On September 17, 2020, plaintiff filed suit in state court. In December 2020, GEICO's adjuster confirmed that the tortfeasor's policy limits were $50,000.

In his suit, plaintiff seeks to recover for damages pursuant to his UM coverage, as well as

penalties pursuant to Louisiana Revised Statutes 22:1892 and 1973, which require that insurers pay claims within 30 days or 60 days of receipt of proof of loss. Plaintiff alleges that GEICO acted in bad faith when it failed to pay under the terms of the UM policy provisions after receiving a satisfactory proof of loss, and became liable for penalties 30 days thereafter.

GEICO has moved for partial summary judgment on plaintiff's penalty claims. GEICO argues that it did not receive satisfactory proof of loss, because the proof of loss submitted did not reflect the tortfeasor's policy limits, and that while it ultimately learned of the $50,000.00 policy limit, it did so only after suit was filed. GEICO thus argues that any breach of its duty to plaintiff occurred after suit was filed, and plaintiff's suit does not allege a valid claim for statutory bad faith penalties, because at the time it was filed, no valid claim had accrued.

Plaintiff opposes, contending that testimony from GEICO's Federal Rule 30(b)(6) deposition establishes that it had satisfactory proof of loss on June 26, 2020, more than 60 days prior to filing suit. Plaintiff further urges that an insurer's duty is continuing, so even if GEICO was made aware of the tortfeasor's policy limits after suit was filed, it was still required to tender payment on the claim within 30 or 60 days, which it failed to do. Plaintiff further contends that because it was GEICO's insured and not a third party, GEICO owes it a unique fiduciary duty, which it breached.

**LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary

judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## APPLICABLE LAW

Louisiana law requires insurers to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." La. R. S. 22:1892(A)(1). Failure to do so after receipt of "satisfactory written proofs and

demand" subjects the insurer to penalties when the failure to pay is found to be "arbitrary, capricious, or without probable cause." 22:1892(B)(1)(a).

Louisiana law also imposes a good faith duty on insurers in connection with claims settlement practices. Pursuant to title 22, section 1973, an insurer "owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." La. R. S. 22:1973(A). A breach of these duties makes the insurer liable for damages sustained as a result. Id. A breach includes "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. R. S. 22:1973(B)(5).

To recover penalties under either statute for an insurer's failure to timely pay a claim, the insured must prove: (1) that the insurer received a satisfactory proof of loss; (2) that the insurer failed to pay the claim within the applicable statutory period; and, (3) that the insurer's failure to pay was arbitrary, capricious or without probable cause. Dickerson v. Lexington Ins. Co., 556 F.3d 290, 297 (5th Cir. 2009). Thus, a satisfactory proof of loss is "a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause." Reed v. State Farm Mut. Auto. Ins. Co., 857 So. 2d 1012, 1020 (La. 10/21/03). A satisfactory proof of loss is one that is sufficient to fully apprise the insurer of the insured's claim. McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1089 (La. 1985) (citing Hart v. Allstate Ins. Co., 437 So.2d 823, 828 (La. 1983)).

To establish a satisfactory proof of loss with regard to a UM claim, the insured must

establish that the insurer received sufficient facts to fully apprise it that (1) the owner or operator of the other vehicle in the accident was uninsured or underinsured; (2) that he was at fault; (3) that the fault gave rise to damages; and (4) establish the extent of the damages. Id.

"An insurer's conduct depends on the facts known to the insurer at the time of its action, and [the Supreme Court of Louisiana] has declined to assess penalties 'when the insurer has a reasonable basis to defend the claim [such as reasonable and legitimate questions as to the extent of its liability or the loss] and acts in good-faith reliance on that defense.'" Louisiana Bag Co. v. Audubon Indem. Co., 999 So. 2d 1104, 1114 (La. 2008) (quoting Reed, 857 So.2d at 1021). However, the insurer must pay any undisputed amount, or, where the exact extent of the damage is unclear, any reasonable amount due, within the statutorily prescribed period in order to avoid penalties under the statutes. La. Bag, 999 So.2d at 1114–15. On the other hand, "an insured who fails to provide his insurer with information required to process his claim cannot then claim the insurer acted arbitrarily in delaying payment." Dickerson, 556 F.3d at 299.

The insured bears the burden of proof, and the penalties imposed by the statutes "are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." Reed, 857 So.2d at 1021. Penalties and attorneys' fees should be imposed only "when the facts 'negate probable cause for nonpayment.'" La. Bag, 999 So.2d at 1114 (quoting Guillory v. Travelers Ins. Co., 294 So.2d 215, 217 (La. 1974)).

### APPLICATION TO FACTS OF CASE

It is undisputed that the proof of loss submitted prior to filing suit did not fully apprise GEICO that the tortfeasor was underinsured. Plaintiff's Statement of Contested Facts recites: "On

June 26, 2020, plaintiff . . . provided counsel with satisfactory proof of loss . . . enclosing copies of [his] medical records and bills."[1] This statement makes no reference to the tortfeasor's policy, and the June 26, 2020 demand letter is not part of the record. Similarly, GEICO's corporate representative testified that the June 2020 letter included medical records and the police report, but did not mention that any insurance information related to the tortfeasor was provided.[2] He further testified that GEICO did not have any verification of the underlying limits in June 2020.[3] Plaintiff maintains that GEICO admitted that it had received an adequate proof of loss in June 2020, more than 60 days before filing suit, based on the following colloquy with GEICO's representative:

> Q: [S]o plaintiffs provided to GEICO, . . . a letter with a medical report and the police report attached, proof of loss on 6/26/20. Correct?
>
> A: Yes. Proof of loss, yes.
>
> Q: The petition wasn't filed until 9/17/2020, correct?
>
> A: I'm not sure of the date, but I think we - - I think we received in October. So that's probably correct. Yes.
>
> Q: Isn't it true that more than 30 days passed between June 26th of 2020 and 9/17 of 2020?
>
> A: Yes.
>
> Q: Isn't it true that more than 60 days passed between 9 – or June 26th and September 17th, 2020?

---

[1] Rec. Doc. 47-1.

[2] Rec. Doc. 47-3, GEICO Corporate Depo., 21:1-13.

[3] Id. at 87:22-24.

A: Yes.[4]

However, while this exchange reflects GEICO's acknowledgment that it received a letter characterized by plaintiff as a proof of loss, it is not an admission that the proof was satisfactory, and acknowledges only the receipt of medical records and the police report. Nothing is mentioned regarding the existence of underlying insurance, and if it existed, the extent of its policy limits. Thus, it does not establish that a satisfactory proof of loss for a UM claim was provided in June 2020.

The record establishes that the tortfeasor's policy limits were confirmed to GEICO in December 2020, after the filing of suit in September 2020. Under applicable law, at that point a satisfactory proof of loss was established. Any penalty claim would have accrued 30 or 60 days from that date, and thus it could not have been alleged in the suit filed in September 2020.

Further, notwithstanding the fiduciary relationship between plaintiff and his insurer, the insured bears the burden of proof, and as penalty statutes, the relied-upon provisions must be strictly construed. The penalties sought may be imposed only "when the facts 'negate probable cause for nonpayment.' " La. Bag, 999 So.2d at 1114 (quoting Guillory v. Travelers Ins. Co., 294 So.2d 215, 217 (La. 1974)). A satisfactory proof of loss is a predicate to a showing that the insurer was without probable cause. Reed, 857 So. 2d at 1020. This predicate was lacking in this case at the time suit was filed.

"The appropriate procedure for a plaintiff to follow to bring a case up to date with events that have taken place since the filing of an original pleading is to file a supplemental pleading

---

[4] Id. at 83:-25.

pursuant to [Rule 15(d)]." 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 15 (quoting Kroll v. Incline Village General Imp. Dist., 598 F. Supp. 2d 1118, 1124 (D. Nev. 2009)). Under Federal Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Accordingly, if plaintiff possesses a penalty claim that accrued after the filing of suit, Rule 15 establishes the procedure to bring it before the court.

## CONCLUSION

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment** (Rec. Doc. 39) filed by defendant, GEICO Casualty Company, is **GRANTED**, and plaintiff's claims against it for insurer penalties are **DISMISSED**.

New Orleans, Louisiana, this 29th day of April, 2022.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**