UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL PURSLEY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-1776** |
| **SUSAN LAWRENCE, ET AL** | **SECTION: "S" (5)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Second Motion for Partial Summary Judgment** (Rec. Doc. 70) filed by defendant, GEICO Casualty Company ("GEICO"), is **DENIED**.

BACKGROUND

Detailed facts of this case have been set forth in prior orders of the court and thus are not restated here. This motion stems from plaintiff's filing of an amended complaint alleging that GEICO, plaintiff's uninsured/underinsured ("UM") carrier, "failed to pay plaintiff's claim within thirty or sixty days from December of 2020 despite receiving satisfactory proof of loss in direct violation of La. R.S. 22:1892 and 22:1973, and should be required to pay penalties and attorney's fees as set forth in said statutes."

Defendant now moves a second time to dismiss the penalty claims, arguing that plaintiff's submissions as of December 2020 did not document undisputed losses in excess of $50,000.00 (the tortfeasor's policy limit) and thus it cannot have been arbitrary and capricious in failing to tender any amount due under the UM policy. Plaintiff opposes the motion.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## APPLICABLE LAW

Louisiana law requires insurers to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." La. R. S. 22:1892(A)(1). Failure to do so after receipt of "satisfactory written proofs and demand" subjects the insurer to penalties when the failure to pay is found to be "arbitrary, capricious, or without probable cause." 22:1892(B)(1).

Further, pursuant to title 22, section 1973, an insurer "owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." La. R. S. 22:1973(A). An insurer breaches this duty by "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. R. S. 22:1973(B)(5).

These duties are continuing in nature, and extend throughout the litigation period. Kimble v. State Farm Fire & Cas. Co., 2011 WL 1637142, at *5 (W.D. La. Apr. 29, 2011) (citing Sher v. Lafayette Ins. Co., , 988 So. 2d 186, 199 (La. 2008).

To recover penalties under either statute for an insurer's failure to timely pay a claim, the insured must prove: (1) that the insurer received a satisfactory proof of loss; (2) that the insurer failed to pay the claim within the applicable statutory period; and, (3) that the insurer's failure to pay was arbitrary, capricious or without probable cause. Dickerson v. Lexington Ins. Co., 556 F.3d 290, 297 (5th Cir. 2009). To establish a satisfactory proof of loss with regard to a UM

claim, the insured must establish that the insurer received sufficient facts to fully apprise it that (1) the owner or operator of the other vehicle in the accident was uninsured or underinsured; (2) that he was at fault; (3) that the fault gave rise to damages; and (4) establish the extent of the damages. Id.

"An insurer's conduct depends on the facts known to the insurer at the time of its action, and [the Supreme Court of Louisiana] has declined to assess penalties 'when the insurer has a reasonable basis to defend the claim [such as reasonable and legitimate questions as to the extent of its liability or the loss] and acts in good-faith reliance on that defense.' " Louisiana Bag Co. v. Audubon Indem. Co., 999 So. 2d 1104, 1114 (La. 2008) (quoting Reed v. State Farm Mut. Auto. Ins. Co., 857 So. 2d 1012, 1021 (La. 10/21/03)). However, the insurer must pay any undisputed amount, or, where the exact extent of the damage is unclear, any reasonable amount due, within the statutorily prescribed period in order to avoid penalties under the statutes. La. Bag, 999 So. 2d at 1114–15.

The insured bears the burden of proof, and the penalties imposed by the statutes "are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." Reed, 857 So. 2d at 1021.

## ANALYSIS

In this case, it is established that GEICO received satisfactory proof of loss in December 2020, which included the fact that the tortfeasor had $50,000.00 in insurance coverage. Thus, GEICO was obliged to tender to plaintiff any undisputed damages amount above $50,000.00 thirty days from then pursuant to La. R. S. 22:1892(A)(1), or sixty days from then, pursuant to

22:1973(B)(5).

    GEICO argues that the wording of plaintiff's amended complaint, which alleges that it "failed to pay plaintiff's claim within thirty or sixty days from December of 2020 despite receiving satisfactory proof of loss. . . .", limits plaintiff's claims to those based on facts known to GEICO as of December 2020. It further contends that at that time, the only documentation of loss it had received was a letter sent on June 26, 2020, which established a loss below $50,000.00. While GEICO acknowledges that it learned of plaintiff's wrist surgery in February 2021, GEICO argues that post-December 2020 claims are not encompassed within the allegations of plaintiff's complaint, and because it did not have documentation for these injuries in December 2020, it had no duty to make a tender based on them. Thus, according to GEICO, it cannot be subject to statutory penalties.

    While perhaps awkwardly worded, it is clear from the complaints that plaintiff's allegations relate to GEICO's actions after December 2020. The significance of this date is that it is the date upon which GEICO first received a satisfactory proof of loss, triggering GEICO's duty to tender undisputed amounts owed to plaintiff. However, this duty is a continuing one, extending through the litigation period. See Kimble, supra. Thus, even though GEICO first received proof of loss in December 2020, subsequent information apprising it of additional undisputed amounts due also triggered a duty to tender payment. To date, GEICO has tendered $17,000.00 in April 2021. Plaintiff argues that this amount is significantly less than the undisputed damages, and that nearly a year has elapsed since plaintiff's deposition, the latest date that GEICO could have become aware of his damages.

Fact issues exist which preclude summary judgment. GEICO does not argue, nor does the record establish, that at no point after December 2020 did plaintiff reasonably establish a loss of $50,000.00 plus the $17,000.00 actually tendered by GEICO. Accordingly, GEICO is not entitled to partial summary judgment on the penalty claims against it, and therefore,

**IT IS HEREBY ORDERED** that the **Second Motion for Partial Summary Judgment** (Rec. Doc. 70) filed by defendant, GEICO Casualty Company ("GEICO"), is **DENIED**.

New Orleans, Louisiana, this 23rd day of June, 2022.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**